RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/11/10
BY DD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 08-00023 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHARLES D. JONES | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion in Limine [Doc. No. 52] filed by Defendant. Defendant moves the Court to exclude any evidence that the corporate charter of Jones and Charles, a Professional Law Corporation, was revoked on May 15, 1998, for failure to file annual reports. The charter was reinstated on May 14, 2001, and the 1999 corporate tax return was filed on October 24, 2002. The Government filed an opposition memorandum, and Defendant filed a reply memorandum.

On January 29, 1990, Jones, Charles, and Gilmore was incorporated, but its charter was revoked on May 15, 1998, for failure to file annual reports. The corporation was reinstated on May 14, 2001. The corporation filed a return for 1999 on October 24, 2002. The name of the corporation was subsequently changed to Jones and Charles on July 9, 2003. The records of the Louisiana Secretary of State pertaining to the history of the corporation have been tendered *in globo* as Exhibit 35.

Defendant argues that, under La. Rev. Stat. 12:163(F), once a corporation's charter is

1

reinstated, it is as if "the revocation had never occurred." Therefore, any evidence of the revocation of the corporation's charter is irrelevant under Fed. R. Evid. 402 and, even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury under Fed. R. Evid. 403.

Specifically, Defendant expects the Government to present evidence that a legal fee of $644,504.50 ("the Wiley fee") should have been reported on his 1999 individual tax return under Louisiana law when it was reported on the late-filed 1999 corporate tax return. Defendant contends that the Government cannot present evidence that the corporation did not exist at the time the Wiley fee was earned because, under Louisiana law, it did exist once the charter was reinstated in 2001.

The Government filed a memorandum in response. The Government argues that evidence of the revocation of the corporate charter is relevant to Counts 2 and 3 of the Indictment. In Count 2 Defendant is charged with willfully making a false statement in his 1999 1040x, and in Count 3 Defendant is charged with tax evasion. Defendant's $640,000.00 legal fee was not reported on his individual 1999 1040 or the amended 1999 1040x, and the legal fees were not used to repay an outstanding I.R.S. debt. The Government also argues that the legal significance of the reinstatement of a corporate charter is different from the fact that a charter was revoked. The Government contends that it should be allowed to offer the evidence to show that Defendant filed this corporate tax return to thwart his individual audit.

The Court agrees with the Government that the fact that the corporation had its charter revoked in 1998 and was dormant at the end of 1999 is relevant to its theory that Defendant was evading taxes and willfully failing to properly report income on his individual 1999 return.

Further, the Court finds that this evidence will not be unduly prejudicial or misleading to the jury as long as the Government does not contend that it was impossible for the corporation to file a return in 1999, only that the corporation did not have a charter at that time, its charter was subsequently reinstated, but, even then, no return was filed until 2002, after Defendant learned about his personal audit.

As the Government correctly points out, the authority relied upon by Defendant merely stands for the same proposition in the statute itself: that, legally, a corporation exists during the period that its charter was revoked if it is subsequently reinstated. For example in *Acadian Cypress & Hardwoods, Inc. v. Piazza*, 664 So.2d 138 (La. 1995), a debt incurred during the period that a corporation's charter was revoked could not be the personal liability of the principal because the charter had subsequently been reinstated, and the debt belonged to the corporation. This authority does not stand for the proposition that the factual history of a corporation is irrelevant to a criminal prosecution of tax evasion and willful failure to pay taxes.

Defendant's Motion in Limine is DENIED.

MONROE, LOUISIANA, this 10th day of May, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE